72 F.3d 919
 315 U.S.App.D.C. 280, 17 O.S.H. Cas. (BNA) 1521
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
ARMSTRONG STEEL ERECTORS, INC., Petitioner,
v.
Robert B. REICH, Secretary of Labor, United States
Department of Labor, Respondent.
 No. 95-1008.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 2, 1996.
 
 Before: EDWARDS Chief Judge, SILBERMAN and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record of the Occupational Safety and Health Review Commission and on the briefs submitted by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the Petition for Review of the Order of the Occupational Safety and Health Review Commission is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The Secretary of Labor cited Petitioner Armstrong Steel Erectors, Inc. ("Armstrong") for violating a safety regulation designed to protect workers from falls. Specifically, the Secretary found that Armstrong's employees, while engaged in rehabilitating a bridge over an active interstate highway, were unlawfully exposed to falls from heights of over 25 feet while moving on steel girders to and from their work areas. The Occupational Safety and Health Review Commission upheld the citation and assessed a fine of $2,500.
 
 
 5
 Armstrong argues that, because it protected workers during a substantial portion of the workday, it did not violate the fall-protection regulation. However, this argument was recently rejected by this court in American Bridge/Lashcon v. Reich, 70 F.3d 131, 1995 WL 686056 (D.C.Cir.1995). There, the court held that the "substantial portion of the work day" test, articulated in L.R. Willson & Sons, Inc. v. Donovan, 685 F.2d 664, 675 (D.C.Cir.1982), applies only where workers are left unprotected due to "unusual or unpredictable situations." American Bridge, 70 F.3d at ----, 1995 WL 686056 at * 1. As in American Bridge, the lack of protection in this case was not due to unusual or unpredictable circumstances, and we therefore reject Petitioner's claim.
 
 
 6
 Armstrong also claims that it would have been infeasible to install continuous fall protection at the work site. To establish the affirmative defense of "infeasibility," the employer must prove: (1) "that compliance with the standard's literal requirements was impossible or would have precluded performance of the work," and (2) either that the employer "used alternative means of protection not specified in the standard or that alternative means were unavailable." Bancker Constr. Corp. v. Reich, 31 F.3d 32, 34 (2d Cir.1994). The Administrative Law Judge ("ALJ") specifically found that "it would have been practical to provide continuous fall protection with a safety belt and lanyard system at this worksite." Secretary of Labor v. Armstrong Steel Erectors, Inc., OSHRC Docket No. 93-2691, slip op. at 3 (Oct. 3, 1994) ("ALJ Decision and Order"), reprinted in Joint Appendix ("J.A.") 24. Evidence in the record supported that conclusion. See id. at 3-4, reprinted in J.A. 24-25. Indeed, Petitioner has made no showing that a static or catenary line such as was described by the ALJ would have been impossible to install or that it would have precluded performance of the work required. Nor did Armstrong present any evidence that there were no alternative means of protection available. Therefore, this defense fails.
 
 
 7
 Finally, Petitioner claims that installing continuous fall protection at the site would have posed a greater hazard than it would have prevented. In order to establish this affirmative defense, the employer must show: (1) the hazards of compliance were greater than the hazards of non-compliance; (2) alternative means of protection are unavailable; and (3) a variance was unavailable or inappropriate. Dole v. Williams Enters., 876 F.2d 186, 188 (D.C.Cir.1989). The ALJ rejected this defense on the ground that Armstrong had not applied for a variance. ALJ Decision & Order at 5, reprinted in J.A. 26. Therefore, the decision did not reach the other two factors. Id. Petitioner argues that the ALJ erred because this is a case where a variance was not appropriate. Even assuming a variance was not necessary, however, Armstrong has not shown that the hazards of compliance were greater than the hazards of non-compliance. Therefore, this defense also fails.